IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LYNN R. WOODS GASTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number CIV-07-1400-C |
| ) | |
| SEQUOYAH ENTERPRISES, INC., ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff filed the present action asserting that Defendant discriminated against her based on her race. According to Plaintiff, she was disciplined for complaining about wrongdoing by other employees while a white employee was not disciplined for that wrongdoing. Plaintiff raises no other allegations of discriminatory conduct by Defendant. Defendant filed the present motion asserting the undisputed facts entitle it to summary judgment. Although the time to respond has passed, Plaintiff has neither responded nor sought additional time in which to respond to Defendant's motion. Accordingly the well-supported facts in Defendant's motion will be taken as undisputed. Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002)(noting that failure to respond does not entitle moving party to judgment but the court must treat all properly supported facts as undisputed.)

Because Plaintiff offers no direct evidence of discriminatory conduct by Defendant, her claims must be analyzed under the familiar three-part test set forth by McDonnell Douglas Corp v. Green, 411 U.S. 792 (1973). Under the McDonnell Douglas process, Plaintiff must first show a prima facie case of discrimination under Title VII. If Plaintiff

establishes a prima facie case, the burden shifts to Defendant to bring forward a legitimate, non-discriminatory reason for the adverse action. Once Defendant satisfies its burden, Plaintiff then must prove that the legitimate, non-discriminatory reason offered by Defendant was a mere pretext for discriminatory conduct. To establish a prima facie case of discrimination under Title VII, Plaintiff must show (1) that she belongs to a protected class, (2) she was terminated for violating a work rule, and (3) similarly situated non-black employees were treated differently. EEOC v. Flasher Co., Inc., 986 F.2d 1312, 1316 (10th Cir. 1992).

     Here, Plaintiff cannot demonstrate the existence of a prima facie case. While Plaintiff may satisfy the first and second elements, that is, she is a member of a protected class and she was terminated for violation of a work rule, the undisputed evidence before the Court demonstrates that she was treated no differently than the other non-black employee involved in the incident. Further, while Plaintiff was disciplined, along with the other non-black employee, for the bread incident, she was not terminated for this incident. Rather, Plaintiff was terminated based upon her no-show, no-call absences and creating a safety hazard by leaving kitchen knives unattended and unlocked. Plaintiff has offered no evidence that any other employee of Defendant engaged in the same or similar conduct and received different disciplinary action.

     Even were the Court to consider Plaintiff to have established a prima facie case, Defendant has come forward with a legitimate, non-discriminatory reason; that is, Plaintiff's numerous absences and other disciplinary matters sufficient to support Plaintiff's

termination. Thus, the burden shifts back to Plaintiff to demonstrate that Defendant's conduct in this regard was a mere pretext for discriminatory conduct. In the excerpts of Plaintiff's deposition attached to Defendant's motion, Plaintiff admits that she missed the days asserted by Defendant and engaged in the other wrongful conduct. To show pretext, Plaintiff must produce evidence of weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's legitimate reasons for its action and that a reasonable factfinder could rationally find those reasons unworthy of credence and hence infer that the employer did not act for the asserted discriminatory reasons. Morgan v. Hilti, Inc., 108 F.3d 1319, 1323 (10th Cir. 1997). Plaintiff has simply failed to proffer any evidence or argument from which the Court could find that Defendant's proffered reasons for its actions were implausible or unreasonable. Accordingly, Plaintiff has failed to demonstrate the existence of pretext and her claims of discrimination must fail.

For the reasons set forth herein, Defendant's Motion for Summary Judgment (Dkt. No. 52) is GRANTED. A judgment will enter accordingly.

IT IS SO ORDERED this 23rd day of December, 2008.

ROBIN J. CAUTHRON
United States District Judge